UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COURTNEY DENENE BARRETT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:17-cv-05922 |
| SYNCHRONY FINANCIAL d/b/a WALMART CREDIT SERVICES, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes COURTNEY DENENE BARRETT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SYNCHRONY FINANCIAL d/b/a WALMART CREDIT SERVICES ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a 29 year-old natural person, residing at 1139 Fowler Avenue, Evanston, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a financial services company organized under the laws of the United States and maintains its headquarters at 777 Long Ridge Road, Stamford, Connecticut. Defendant regularly conducts business with consumers in Illinois, including Plaintiff.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff obtained a Walmart credit card issued through Defendant in order to purchase food and household goods.

10. After experiencing financial hardship, Plaintiff became late on her payments owed to Defendant, thus incurring debt ("subject debt").

11. In early 2017, Plaintiff began receiving calls to her cellular phone, (773) XXX-1168, from Defendant, seeking to collect upon the subject debt.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1168. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has mainly called Plaintiff using the phone numbers (877) 317-5659 and (913) 789-2979.

14. Upon information and belief, the above referenced phone numbers ending in 5659 and 2979 are regularly utilized by Defendant during its debt collection activity.

15. When Plaintiff answers calls from Defendant, she experiences a noticeable pause, lasting approximately five seconds in length, before a live representative begins to speak.

16. Upon speaking with a representative of Defendant's, Plaintiff has demanded that it stop calling her.

17. Despite Plaintiff's demands, Defendant has continued to persistently call her cellular phone into the summer of 2017.

18. Defendant has also called Plaintiff's cellular phone multiple times during the same day, with calls ringing mere minutes apart.

19. Between March 2017 and April 2017, Plaintiff received not less than 66 calls from Defendant.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $74.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls. However, the communications have continued.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff was even reprimanded at work and almost lost her job due to her cellular phone constantly ringing from Defendant's persistent contacts.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately five seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

28. Defendant violated the TCPA by placing mass phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given was specifically revoked by her demands that Defendant cease contacting her.

29. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Calling Plaintiff 66 times in a period of one month after being notified to stop illustrates Defendant's willful conduct.

WHEREFORE, Plaintiff, COURTNEY DENENE BARRETT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

33. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any

5

> deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she demanded that it stop calling. Defendant ignored Plaintiff's demands and continued to systematically place mass phone calls to her cellular phone without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

36. Defendant has also placed several calls to Plaintiff's cellular phone in the same day, including 66 calls in one month. Placing numerous calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

37. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

39. As pled in paragraphs 19 through 24, Plaintiff has suffered actual damages as a result of

6

Defendant's unlawful practices, including costs associated with purchasing and maintaining a blocking application subscription. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

40. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 66 times in a single month, with several calls pouring in per day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After the initial conversation in which Plaintiff notified it that she did not wish to be contacted, Defendant had more than enough information to know that it should not continue calling her. Defendant, in defiance of the law, falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, COURTNEY DENENE BARRETT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 14, 2017　　　　　　　　　　　Respectfully submitted,

s/ Nathan C. Volheim　　　　　　　　　　　　s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103　　　　　　Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff　　　　　　　　　　　　Counsel for Plaintiff
Admitted in the Northern District of Illinois　　Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.　　　　　　　　　Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200　　　　　2500 South Highland Ave., Suite 200
Lombard, Illinois 60148　　　　　　　　　　Lombard, Illinois 60148
(630) 568-3056 (phone)　　　　　　　　　　(630) 581-5858 (phone)
(630) 575-8188 (fax)　　　　　　　　　　　(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com　　　　　　　　thatz@sulaimanlaw.com